IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAMES MASON                                                                                           PLAINTIFF

VS.                                           Civil No. 6:13-cv-06110

CORIZON, INC.; NURSE ARIC                                                                      DEFENDANTS
SIMMONS; DR. JOHN ANDERSON;
DR. JEFFERY HUGGETT; NURSE JANE DOE;
and WANETTA CLOWERS

## **ORDER**

Before the Court is the Report and Recommendation filed August 19, 2014 by the Honorable James R. Marschewski, Chief United States Magistrate Judge for the Western District of Arkansas. (ECF No. 37). Judge Marschewski has examined Defendants Corizon, Inc. and Aric Simmons's Motion for Summary Judgment (ECF No. 17), Defendant Wanetta Clower's Motion for Summary Judgment (ECF No. 25), Plaintiff's Responses (ECF Nos. 26, 31, 34, 36), and Defendants' Reply (ECF No. 32). Judge Marschewski recommends the Defendants' Motions for Summary Judgment be granted in part and denied in part. Furthermore, Judge Marschewski recommends that Defendants Anderson, Huggett, and Jane Doe be dismissed from this action without prejudice.[1] The Plaintiff and the Defendants have each filed objections (ECF Nos. 39, 41). After conducting a *de novo* review of the record, the Court adopts Judge Marschewski's Report and Recommendation as its own.

---

[1] Defendants Anderson and Huggett have not been served. The summons for Defendant Anderson was returned unexecuted and Plaintiff does not have an address for Defendant Huggett. Plaintiff has been unable to identify Jane Doe and the lawsuit has been pending almost a year. The parties have not filed objections to Judge Marschewski's recommendation of dismissing Defendants Anderson, Huggett, and Jane Doe without prejudice, and the time for doing so has passed. See 28 U.S.C. § 636(b)(1)(C).

1

Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983 claiming his Eighth Amendment right to be free from cruel and unusual punishment was violated when Defendants denied him medical care related to colon cancer. Defendants contend that all of Plaintiff's claims should be dismissed for failure to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"). Plaintiff responded by arguing that he did exhaust all of his administrative remedies.

Judge Marschewski recommends that the Defendants' Motions for Summary Judgment be granted with respect to six of the seven grievances related to the claims made in Plaintiff's Complaint because Plaintiff failed to file an appeal for these grievances, and thus failed to exhaust his administrative remedies. Plaintiff objects to the partial grant of the Defendants' Motions for Summary Judgment by asserting that there was nothing for the plaintiff to appeal. For grievance DU-12-00008, Plaintiff argues that he did not need to appeal because he did not receive a response from the Health Services Administrator. Plaintiff further asserts that prison officials failed to comply with grievance procedures, rendering him unable to exhaust his administrative remedies. For grievances OR-12-01394, OR-13-00118, OR-13-00119, OR-13-01214, and OR-13-01215, Plaintiff contends that he received a favorable response, or obtained the appointments he sought prior to the response to his unit level grievance, so there was no need to appeal.[2]

Plaintiff's first contention lacks merit because Plaintiff failed to exhaust all of the administrative remedies available to him in accordance with the grievance procedures of the Arkansas Department of Corrections ("ADC"). Under the PLRA, exhaustion of prison remedies is mandatory and Plaintiff cannot file suit for unexhausted claims. *Jones v. Bock*, 549 U.S. 199,

---

[2] Plaintiff also discusses grievance OR-13-00057 in his objections. However, in Plaintiff's Response he states that this grievance is unrelated to the claims made in this case. (ECF No. 26, p.4).

211 (2007). The level of detail required to comply with grievance procedures varies, but it is the prison's requirements that define the boundaries of proper exhaustion. *Id.* at 218. Administrative Directive 12-16 ("Directive 12-16") governed grievance procedures at the ADC during the time at issue. Directive 12-16 specifically provides for the scenario in which an inmate has not received a response from a designated problem-solver, such as the Health Services Administrator, after filing a step one unit level grievance. An inmate may move to the next level of the process, an appeal to the Chief Deputy/Deputy/Assistant Director's Level, within five (5) working days if the inmate has not received a response to his unit level grievance within the allotted time frame as stated on the Acknowledgement form. (ECF No. 28-1). Plaintiff did not file an appeal in accordance with Directive 12-16, and therefore he failed to exhaust his administrative remedies.

Likewise, Plaintiff's assertion that prison officials failed to comply with grievance procedures and thereby rendered him unable to utilize the grievance process is unsupported by the record. The Eighth Circuit has recognized two exceptions to the PLRA requirement that inmates must exhaust prison remedies prior to filing suit: (1) when officials have prevented prisoners from utilizing the procedures; or (2) when officials themselves have failed to comply with the grievance procedures. *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005). Although the Plaintiff did not receive a response from the Health Services Administrator, Directive 12-16 delineates a clear procedure for this situation which Plaintiff neglected to follow. He did not have to wait for a response from the Health Services Administrator to file an appeal. Moreover, there is no evidence that prison officials thwarted any attempt by Plaintiff to file a grievance or prevented him from utilizing the grievance procedures in any form.

Plaintiff's contentions with regard to grievances OR-12-01394, OR-13-00118, OR-13-00119, OR-13-01214, and OR-13-01215 lack merit because Plaintiff did not complete the grievance process. Directive 12-16 states that a written response from the Deputy Director for Health and Correctional Programs for appeals relating to medical issues constitutes the end of the grievance process. (ECF No. 28-1). Thus, the grievance process is not complete until an inmate files an appeal and receives a written response from an appeal. For grievances OR-12-01394, OR-13-00118, OR-13-00119, OR-13-01214, and OR-13-01215, Plaintiff received responses from the Health Services Administrator after filing these grievances at the unit level, but Plaintiff did not appeal the Health Services Administrator's responses. Therefore, he did not exhaust his administrative remedies in compliance with Directive 12-16. For grievances OR-12-01394, OR-13-00118, and OR-13-00119, Plaintiff asserts that he did not appeal because he received favorable responses. Similarly, for grievances OR-13-01214 and OR-13-01215, Plaintiff did not appeal because he obtained the appointments he sought prior to the response to his unit level grievance. It is unclear why plaintiff would base part of his complaint on grievances for which he received satisfactory outcomes. However, regardless of Plaintiff's intention in including these grievances in his complaint, Directive 12-16 does not deem an inmate's administrative remedy exhausted when a grievance is resolved at the unit level. The process is only complete when the inmate receives a written response from the Deputy Director to the inmate's appeal, and because Plaintiff did not appeal the response from the Health Services Administrator, he failed to exhaust his administrative remedies for these grievances.

Judge Marschewski also recommends that Defendants' Motion for Summary Judgment be partially denied with respect to the claims made in Plaintiff's Complaint related to grievance OR-13-00716. Defendants object to this portion of Judge Marschewski's recommendation.

Defendants contend that Plaintiff failed to exhaust all of his administrative remedies for this grievance. Specifically, Defendants assert that the Plaintiff's grievance was untimely filed at the unit level and the appeal stage.

The question before the Court is whether the Plaintiff has exhausted his administrative remedies as to grievance OR-13-00716 before filing his § 1983 claim. Directive 12-16 indicates that a written response from the Deputy Director for Health and Correctional Programs for appeals relating to medical issues constitutes the end of the grievance process. (ECF No. 28-1). It is this appeals process that is the focus of the Motion for Summary Judgment and Judge Marschewski's Report and Recommendation. It is inconsequential to the Court whether Plaintiff timely filed his grievance at the unit level for purposes of the present exhaustion issue.[3] Therefore, this point is overruled.

As for the appeal, there are genuine issues of material fact as to whether Plaintiff should be excused from exhausting all of his administrative remedies. One of the exceptions to the PLRA exhaustion requirement recognized by the Eighth Circuit occurs where prison officials prevent an inmate from utilizing the grievance procedures. *See Gibson*, 431 F.3d at 341. Defendants bear the burden of showing that there is no genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The Court must view all evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v. ReliaStar Life Ins. Co.*, 682 F.3d 1116, 1119 (8th Cir. 2012). Directive 12-16 gives an inmate five working days to appeal a medical grievance to the Deputy Director for Health and Correctional Programs after receiving a response from the Health Services Administrator. Plaintiff received a response to this grievance on July 2, 2013 and his appeal was dated July 7, 2013. Plaintiff swears under penalty of perjury that he submitted the

---

[3] This issue can be raised in a later motion for summary judgment.

appeal on July 7, 2013, however, the appeal was stamped received by the Deputy Director's office on August 20, 2013. (ECF No. 28-3, p. 16). Neither party offers an explanation as to where Plaintiff's appeal was between July 7, 2013 and August 20, 2013. Given that the Court must view all evidence and inferences in a light most favorable to Plaintiff as the nonmoving party, the Court finds that there is a genuine issue of material fact regarding the issues related to grievance number OR-13-00716.

After a *de novo* review of the record, the Court adopts Judge Marschewski's report as its own. For the reasons stated above and those found in the Report and Recommendation, Defendants' Motions for Summary Judgment (ECF Nos. 17 & 25) are **GRANTED** in part and **DENIED** in part. Defendants Anderson, Huggett, and Jane Doe are dismissed from this action **WITHOUT PREJUDICE**. Plaintiff's claims related to grievance numbers DU-12-00008, OR-12-01394, OR-13-00118, OR-13-00119, OR-13-01214, and OR-13-01215 are dismissed **WITHOUT PREJUDICE**. Plaintiff's claims related to OR-13-00716 remain for further resolution.

IT IS SO ORDERED, this 24th day of September, 2014.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge